ORDER
The Memorandum disposition filed May 18, 2009, is amended per the Amended Memorandum filed concurrently with this Order.
Petitioner-Appellant’s Motion for permission to reply to response to the petition for rehearing and petition for rehearing en banc is DENIED.
The panel has voted to deny Petitioner-Appellant’s petition for rehearing. Judge Hug has recommended denying the petition for rehearing en banc and Judges Hawkins and Tallman have voted to deny the en banc petition.
The full court has been advised of the petition for rehearing en banc, and no judge requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.
Accordingly, the petition for rehearing and the petition for rehearing en banc are DENIED.
No further petitions for rehearing or rehearing en banc will be accepted.
AMENDED MEMORANDUM *
Gregory Williams (“Williams”) appeals the denial of his § 2254 habeas corpus petition, arguing the California Court of Appeal applied Supreme Court precedent in an objectively unreasonable manner by concluding that (1) because he did not unequivocally invoke his right to counsel the interrogating officers were permitted to ask clarifying questions leading to his waiver of that right, and (2) his statements during the interrogation were not involuntary as a result of his methamphetamine intoxication. Reciting the facts only as necessary, we affirm.

Waiver of the Right to Counsel

The California court did not unreasonably apply Supreme Court precedent when it approved the interrogating officers’ clarifying questions following Williams’s ambiguous pre-waiver statement regarding a lawyer. An invocation *335 of the right to an attorney requires cessation of the interrogation until counsel is present or the suspect initiates further communication. Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The Supreme Court has not addressed, however, what action interrogators must take when a suspect makes an ambiguous statement regarding counsel before a valid waiver of the right to counsel.
Here, the Court of Appeal held the officers could ask clarifying questions in the face of Williams’s ambiguous waiver. This conclusion was not an unreasonable application of any Supreme Court precedent. Cf. United States v. Rodriguez, 518 F.3d 1072, 1078-80 (9th Cir.2008) (applying the same rule on direct appeal).
It was also not unreasonable for the California court to apply Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994), to conclude that Williams’s statement was ambiguous. According to Davis, an invocation of the right to counsel is unambiguous when a suspect “articulate[s] his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney.” 512 U.S. at 459, 114 S.Ct. 2350. There, the Supreme Court found the statement, “[m]aybe I should talk to a lawyer,” to be equivocal and ambiguous. Id. at 462, 114 S.Ct. 2350.
Here Williams said similarly, “I think first, um, I should have a lawyer.” Under Davis, that statement was ambiguous and equivocal. See Clark v. Murphy, 331 F.3d 1062, 1069-72 (9th Cir.2003). Williams’s later response, “Right,” to the question “Now, you said, the first thing you said, you wanted a lawyer? Is that the first thing you said?” was also not an unequivocal request for counsel. The word “Right” was mei’ely a confirmation that he had previously made a statement about a lawyer — a statement that was, according to Davis, not an unambiguous request for counsel.
On these facts, the California court’s decision that Williams did not make an unequivocal request under Davis to have a lawyer present was not objectively unreasonable. Cf. Anderson v. Terhune, 516 F.3d 781, 788-90 (9th Cir.2008) (en banc) (granting habeas relief in an analogous case only where the petitioner’s invocation of his right to remain silent has been absolutely certain, and the state court’s decision to the contrary had been “fanciful” and “baffling” and “ma[de] no sense”).
The state court also did not make an unreasonable factual determination when it concluded that the interrogators’ questions were designed to clarify Williams’s intent, not to coerce a waiver. See Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.2004) (“[A] federal court may not second-guess a state court’s fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.”). After confirming that Williams had made an ambiguous statement concerning a lawyer, the officers explained that “if you want a lawyer, we’ll walk out of this room,” making clear that the interrogation would end if Williams requested representation. Williams responded, “I’ll just talk to you then.” Seeking further clarification, the officers said, “[Y]ou said you did want to talk to us. But then you said, well, I think I should have a lawyer. So, it’s up to you. And then you can talk to us right now or not.” The officers explained that it would take time to obtain a lawyer and then asked, ‘You sure you want to talk to us?” To which Williams responded, “Yeah.... I don’t even need a lawyer though. I’ll just let God handle it,” unambiguously commu *336 nicating his waiver of his rights to have counsel present and to remain silent.

Voluntariness of the Confession

It was also not objectively unreasonable for the California court to conclude that Williams’s confession was not coerced. While the voluntariness of a confession must be judged from the “totality of all the surrounding circumstances,” including consideration of “the characteristics of the accused and the details of the interrogation,” Schneckloth v. Bustamonte, 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the Supreme Court has made clear that “coercive police activity is a necessary predicate to the finding that a confession is not ‘voluntary’ within the meaning of the Due Process Clause of the Fourteenth Amendment,” Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).
There is no indication that the police acted coercively even assuming arguendo that Williams’s “mental state ... at the time he made the confession, interfered with his ‘rational intellect’ and his ‘free will.’ ” Id. at 159, 107 S.Ct. 515. Williams cannot point to any evidence demonstrating that the interviewing officers committed coercive misconduct. While he suggests that “the police subjected [Williams] to two lengthy interrogations,” the record shows each was only about one horn’ long. And while he argues the officers’ questioning was highly suggestive, and that the officers were “persistent” in their “efforts to get appellant to say that he entered the house to have sex with the Bauers’ twelve-year-old daughter,” there is no Supreme Court precedent that would require us to find suggestive or persistent questioning to be coercive. In any event, Williams himself acknowledges that he refused to agree with the persistent suggestions the officers made, indicating that he ably resisted any allegedly improper interrogation tactics and, ipso facto, that the interrogation was not coercive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.